IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHASE ANDERSON ROMAGNANO,
     Plaintiff,

vs.

                                       Case No.: 3:19cv3557/MCR/EMT

PAM CHILDERS, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and in forma pauperis, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF Nos. 1, 4). The court is statutorily required to review Plaintiff's complaint to determine whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Upon review, it is apparent Plaintiff has failed to state a viable claim for relief against the Defendants. It likewise is clear Plaintiff cannot cure the deficiencies by filing an amended complaint. *See Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003) (Generally, "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if it appears a

more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend.") (quotation omitted).  The undersigned thus recommends the case be dismissed for failure to state a claim upon which relief can be granted.

I.    BACKGROUND

Plaintiff names two Defendants in the action—Pam Childers, Escambia County Clerk of Court, and Donna Oquist, an employee of the Clerk's office. Plaintiff's complaint is based on traffic citations the Pensacola Police Department issued to him in April and May of this year.  Plaintiff says he informed the court he wished to attend traffic school "but was broke at the time" (ECF No. 1 at 4–5).  He alleges he was advised to "consent on a payment plan but that means accepting the points on [his] driving record (which causes insurance rates to go up) and which puts the conviction on your driving record" (*id.* at 5).  Plaintiff says he "sought to avoid suspension of [his] license and was told by Donna Oquist to request community service in lieu of fines" (*id.*).  Plaintiff alleges he did as Ms. Oquist suggested, but "the judge never ruled on it" (*id.*).  Although the complaint is not entirely legible, it appears Plaintiff alleges a third party paid the tickets, and he "was left with the $60 reinstatement fee of [his] driver's license,

which [he did not] have" due to the fact that "you cannot begin to attempt to find work in Escambia County sans driving a car" (*id.* at 5–6).

Plaintiff alleges he was "misled by the court and . . . think[s] they never intended to grant [him] the community service and that such a misleading was a deprivation of [his] civil rights to due process under color of law" (*id.* at 6). Plaintiff asserts a Fourteenth Amendment claim for denial of due process, stating "[a] double standard exists in Escambia County where those with cash to pay up front get reinstatement of drivers license without fee," "removal of points from driving record," "traffic school and keep the points off their records," and "keep their licenses from being suspended while those who are poor take the points, higher insurance rates, and risk suspension" (*id.* at 7–8). Plaintiff claims "[i]t is a violation per disparate treatment and disparate impact and most courts recognize pauperis status to file, it should be recognized here as well" (*id.* at 8). As relief, Plaintiff seeks reinstatement of his driver's license without a fee and removal of points from his driving record (*id.* at 7).

II.    DISCUSSION

 A. Standard of Review

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The complaint's allegations must establish "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  Mere "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a plaintiff cannot rely on "naked assertions devoid of further factual enhancement."  *Id.* (internal quotation marks and alteration omitted); *see also Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013).  In other words,

> [p]leadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

The court reads a pro se plaintiff's pleadings in a liberal fashion and holds them to a less stringent standard than pleadings drafted by attorneys. *See Harris v. Goderick*, 608 F. App'x 760, 761 (11th Cir. 2015).  Nevertheless, in civil rights cases, "[m]ore than mere conclusory notice pleading is required . . . .  A complaint will be dismissed as insufficient where the allegations it contains are vague and

conclusory." *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (internal marks and alteration omitted); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (holding that "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits" and courts are not required "to conjure up questions never squarely presented to them").

### B.  Plaintiff's Claims

As set forth above, Plaintiff names Pam Childers, Escambia County Clerk of Court, and Donna Oquist, whose position Plaintiff does not precisely identify but notes she is employed by the "Circuit Clerk's Office," as Defendants.  Plaintiff asserts no factual allegations against Childers and mentions Oquist only once, alleging Oquist advised him to request community service in lieu of a fine.  Notably, Plaintiff does not allege any injury resulting from Oquist's advice in that regard.

In any event, it is plain Plaintiff is suing the Defendants in connection with the disposition of the traffic citations.  The law is clear that government officials are absolutely immune from suit under the civil rights statutes for actions that are "intimately associated with the judicial phase of the criminal process."  *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  Accordingly, clerks of court are entitled to absolute immunity when they perform their duties as related to the judicial process. *See Jenkins v. Clerk of Court, U.S. Dist. Court, Southern Dist. of Fla.*, 150 F. App'x

Case No.: 3:19cv3557/MCR/EMT

988, 990 (11th Cir. 2005); *Scott v. Dixon*, 720 F.2d 1542, 1546 (11th Cir. 1983); *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981); *see also Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (extending judicial immunity to clerks of the court for tasks that are judicial in nature, an integral part of the judicial process, or undertaken pursuant to direction of a judicial officer or pursuant to established practice of the court).

In addition, it appears Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, which provides that "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."[1]  *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (quotation omitted).  In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005), the Supreme Court cautioned against broadly construing *Rooker-Feldman* and held the doctrine should be confined only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Rooker-Feldman's* reach extends to federal claims raised by the state-court loser that are deemed "inextricably

---

[1] The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983).

intertwined" with the state court judgment such as (1) where the success of the federal claim would "effectively nullify" the state court judgment; and (2) where the federal claim "succeeds only to the extent that the state court wrongly decided the issues." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (quotation omitted).

Plaintiff's allegations against the Defendants relate directly to the traffic citations he received and thus are inextricably intertwined with the state court judgement and sentence.[2]  If Plaintiff were to prevail on his claims, it would "effectively nullify" his judgment of conviction and sentence.  His claims thus appear to be barred by the *Rooker-Feldman* doctrine.  They also fail on the merits.

The Fourteenth Amendment provides, in pertinent part, that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const., Amdt. 14, § 1.  As the Eleventh Circuit has explained, "[t]he Supreme Court's interpretation of this clause explicates that the amendment provides two different kinds of constitutional protection: procedural due process and substantive due process." *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir. 1994) (*citing*

---

[2] The Escambia County Clerk of Court's website indicates Plaintiff was assessed and paid fines and the cases against him have been closed. *See* http://public.escambiaclerk.com/BMWebLatest//CourtCase.aspx/CaseSearch.

*Zinerman v. Burch*, 494 U.S. 113, 125 (1990)).  "A violation of either of these kinds

of protection may form the basis for a suit under section 1983."  *Id.*

"The substantive component of the Due Process Clause protects those rights

that are 'fundamental,' that is, rights that are 'implicit in the concept of ordered

liberty'."  *Id.* at 1556 (*quoting Palko v. Conn.*, 302 U.S. 319, 325 (1937)).  "The

Supreme Court has deemed that most—but not all—of the rights enumerated in the

Bill of Rights are fundamental; certain unenumerated rights . . . also merit

protection."  *Id.*  "It is in this framework that fundamental rights are incorporated

against the states."  *Id.*  "A finding that a right merits substantive due process

protection means that the right is protected 'against certain government actions

regardless of the fairness of the procedures used to implement them.'"  *Id.* (*quoting*

*Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)).  "Although the

Supreme Court has extended substantive due process protection to certain

unenumerated rights, it has not extended Fourteenth Amendment coverage to a host

of other areas."  *Id.*  "In short, areas in which substantive rights are created only by

state law . . . are not subject to substantive due process protection under the Due

Process Clause because 'substantive due process rights are created only by the

Constitution.'"  *Id.* (*quoting Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229

(1985)).  "As a result, these state law based rights constitutionally may be rescinded

so long as the elements of procedural—not substantive—due process are observed."
*Id.*

Here, Plaintiff has not alleged any deprivation of a fundamental right, much less a deprivation caused by any act or omission of the Defendants. Indeed, "[t]he constitutional right to travel does not include a fundamental right to drive a motor vehicle." *Newman v. Garcia*, No. 3:16cv137-J-PDB, 2016 WL 8939133, at *4 (Sept. 26, 2016) (*citing Duncan v. Cone*, 2000 WL 1828089, at *2 (6th Cir. 2000) (unpublished); *Miller v. Reed*, 176 F.3d 1202, 1206 (9th Cir. 1999)). Hence, "[t]he suspension of a driver's license issued and suspended under Florida law does not implicate any substantive due process rights." *Burlison v. Rogers*, No. 5:07cv302-Oc-10GRJ, 2008 WL 312890, at *3 (M.D. Fla. Feb. 4, 2008). Plaintiff thus has failed to state a viable substantive due process claim.

Plaintiff also has failed to state a viable procedural due process claim. As the Eleventh Circuit further explained, "[i]t is axiomatic that, in general, the Constitution requires that the state provide fair procedures and an impartial decisionmaker before infringing on a person's interest in life, liberty, or property." *McKinney*, 20 F.3d at 1561. "While a property interest is implicated in the deprivation of a drivers license by a state, 'a procedural due process violation is not complete unless and until the State fails to provide due process.'" *Burlison*, 2008 WL 312890, at *3 (*quoting*

*McKinney*, 20 F.3d at 1557). "It is not the deprivation of a protected interest that causes a violation, but rather, '[i]t is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim.'" *Id.* (*quoting Cotton v. Jackson*, 216 F.3d 1328, 1131 (11th Cir. 2000)). "Accordingly, 'only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under 1983 arise.'" *Id.* (*quoting T & A Utilities v. Panama City*, 1997 WL 151045, at *4 (N.D. Fla. Jan. 22, 1997); quoting case further, in a parenthetical, for the proposition that "'[b]efore seeking a remedy for an alleged due process violation in federal court, a plaintiff is obliged to avail itself of state remedies or show that the state deprived it of redress'") (*citing Tinney v. Shores*, 77 F.3d 378, 382 (11th Cir.1996)). "Consequently, where adequate state remedies are available but a plaintiff does not avail himself of them, a plaintiff 'cannot rely on that failure to claim that the state deprived [him] of procedural due process.'" *Id.* (*quoting Cotton*, 216 F. 3d at 1331). Plaintiff has not alleged an absence of state remedies to address the suspension of his license or any other aspect of his conviction or sentence and, in fact, had the state appellate process available to

him.  Plaintiff therefore has failed to plead a viable procedural due process claim.[3]

## III.    CONCLUSION

"[A] district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (*quoting Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir.1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims *sua sponte*).  "A claim is frivolous if it is without arguable merit either in law or fact."  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (*citing Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)).  Here, it is evident Plaintiff has wholly failed to allege facts showing he is entitled to relief.  It also is apparent Plaintiff cannot cure the deficiencies by amendment.  *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual

---

[3] In his complaint, Plaintiff references disparate treatment and disparate impact, but he does not assert an equal protection claim; instead, he invokes only the due process clause of the Fourteenth Amendment.  And Plaintiff does not attribute any alleged disparate treatment or disparate impact to either of the Defendants.

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED WITH PREJUDICE** for Plaintiff's failure to state a claim upon which relief can be granted.

2.  That the Clerk be directed to close the file.

At Pensacola, Florida this 31st day of October 2019.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections must be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 3:19cv3557/MCR/EMT